UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 07-cv-02225-WDM-BNB

SANDI WATERMANN, and
ROSS WATERMANN,

                          Plaintiffs,

vs.

GENERAL MOTORS CORPORATION, a Delaware corporation, and
TK HOLDINGS INC., a/k/a TAKATA SEAT BELTS, INC., a foreign corporation, f/k/a
GATEWAY INDUSTRIES, INC., a foreign corporation,

                          Defendants.

**DISCOVERY PROTECTIVE ORDER**

Pursuant to the Joint Motion filed by the parties, Plaintiffs in this action and Defendants General Motors Corporation (GM) and TK Holdings Inc. (incorrectly named as TK Holdings Inc. a/k/a Takata Seat Belts, Inc. f/k/a Gateway Industries, Inc. ("TK Holdings") (collectively, "Defendants") jointly agree without objection to the following terms and conditions to govern the production and protection of confidential discovery documents and materials in this matter. As a result, and good cause showing,

IT IS HEREBY ORDERED as follows:

All "CONFIDENTIAL DOCUMENTS" and corresponding information produced by Defendants in their disclosures or in response to any of the other parties' requests for production of documents, interrogatories, or other requests for discovery in the above-styled cause of action, shall be subject to the terms of this Confidentiality Order as set forth below;

**I.      DEFINITIONS**

   A.     "COMPETITOR(S)" - This term shall mean any person or legal entity other than GM or TK Holdings engaged in the automobile industry. The term "COMPETITOR(S)" shall include any person or legal entity if "PLAINTIFFS' COUNSEL" knows that such person or legal entity is employed by or expects to be employed by any "COMPETITOR(S)" of GM or TK Holdings.

   B.     "CONFIDENTIAL DOCUMENTS" - This term refers to documents that are deemed "CONFIDENTIAL" under the provisions of Paragraph II(A)-II(D) of this Agreement. "CONFIDENTIAL DOCUMENTS" shall consist of the contents of the original "DOCUMENT(S)" and all copies or other reproductions of the "DOCUMENT(S)" subject to this Order. "DOCUMENT(S)" obtained outside the pre-trial discovery process in this case do not constitute "CONFIDENTIAL DOCUMENTS" and are not subject to this Order.

   C.     "DOCUMENT(S)" - This term is a collective reference to any and all materials or other tangible things containing information produced by Defendants in disclosures or in response to a pre-trial discovery request in the above-styled cause. Without limitation, the term "DOCUMENT(S)" includes any medium by which information is recorded, stored, communicated or utilized, including papers (of any kind, type, and/or character) and any method or medium by which information may be communicated, recorded, or retrieved by people or computers. The term includes - without limitation - photographs, x-rays, motion pictures, audio-tape recordings, video-tape recordings, computer-generated material, computer disks, and any other form or type of computer-stored or computer-retrievable data, microfilm, microfiche, or any other process by which information is reduced for storage and duplicates or reproductions of the same by any method.

D. "LEGAL ENTITY" - This phrase refers to any and every kind or type of any legal identity or method of conducting business, whether for profit or non-profit. This phrase also includes without restriction person(s) "doing business as" some name by which the business is known by the public. The phrase encompasses partnerships (whether general or special or limited), firms, proprietorships, any type of company or group, incorporated and/or unincorporated associations, public and private corporations, political corporations or subdivisions, and any other type of business or public organization. The phrase includes any department, division, office, agency, affiliate, and parent or subsidiary of the subject "LEGAL ENTITY." The phrase also includes any successor or predecessor legal entity to the subject "LEGAL ENTITY." Finally, the phrase includes any officer, agent, servant or employee of the subject "LEGAL ENTITY."

E. "OTHER INCIDENT(S)" - This phrase means any claim made to, or lawsuit initiated against, Defendants due to injury or death involving an allegation of negligence or product defect with respect to the front seat belt systems and front door latch system in 1988 – 1996 A-car four-door sedans and station wagons. [This definition only applies to the terms of this order, and not to the determination of admissibility of any other incidents that may be offered at trial.]

F. "PLAINTIFFS' COUNSEL" - This phrase refers to the attorneys of record for the party plaintiffs in the above-styled cause (United States District Court for the District of Colorado, 07-CV-02225 WDM). In the event that the attorneys of record are members of a firm, this phrase shall include any and all other lawyers who are members of or associated with "PLAINTIFFS' COUNSEL'S" firm.

**II.     DETERMINING STATUS OF "CONFIDENTIAL DOCUMENTS"**

A. All documents or categories of documents produced or disclosed by Defendants during the pretrial discovery (including, but not limited to: disclosures, interrogatories, responses to requests for admissions, responses to requests for production, and deposition testimony) that Defendants, in good faith and after being reviewed by Defendants' attorney(s), believe to contain information **that is entitled to protection from disclosure pursuant to Fed. R. Civ. P. 26(c)(1)(G) or otherwise by law** ~~that should be subject to this Order~~ shall be designated as "CONFIDENTIAL" and furnished to "PLAINTIFFS' COUNSEL." The physical labeling of any "DOCUMENT" permitted by this paragraph shall not be done in any manner that obstructs the reading of the "DOCUMENT" or impairs the reading of any such "DOCUMENT" when duplicated by any conventional duplicating process. Defendants may designate "DOCUMENTS" as "CONFIDENTIAL" after making a determination that the "DOCUMENT" contains "trade secret or other confidential research, development or commercial information," pursuant to Federal Rules of Civil Procedure.

The designation of a "DOCUMENT" as "CONFIDENTIAL" shall not create any presumption with regard to the actual confidentiality of any "DOCUMENT," nor shall that designation affect the burden of proof necessary for obtaining a confidentiality order from the Court. Any dispute between the parties as to the actual confidentiality of any particular "DOCUMENT" or category of "DOCUMENTS" shall be resolved pursuant to Paragraphs II(C) and II(D) of this Order.

B. After the designation allowed by Paragraph II(A), "PLAINTIFFS' COUNSEL" may send counsel for GM and/or TK Holdings "Written Notice" asserting that certain "DOCUMENTS" designated as "CONFIDENTIAL" by GM and/or TK Holdings do not justify the imposition of restrictions concerning their use. This "Written Notice" shall list the

specific "DOCUMENTS" or categories of "DOCUMENTS" for which "PLAINTIFFS' COUNSEL" contests the need for confidentiality.

C.  With regard to those "DOCUMENTS" listed in "PLAINTIFFS' COUNSEL'S "Written Notice," Defendants may file a written motion requesting a **determination by** ~~hearing from~~ the Court, at which time Defendants shall have the burden of making a "good cause showing" - as required by Federal Rule of Civil Procedure 26 - that demonstrates the justification for the issuance of an order restricting the use of specific "DOCUMENT(S)" or particular categories of "DOCUMENT(S)."

D.  All "DOCUMENT(S)" that Defendants designate as "CONFIDENTIAL" shall be accorded "CONFIDENTIAL" status until such time as "PLAINTIFFS' COUNSEL" provide "Written Notice" as allowed by Paragraph II(B) above. The "CONFIDENTIAL" status shall remain in effect for all "DOCUMENTS" designated as "CONFIDENTIAL" by Defendants that are not listed on "PLAINTIFFS' COUNSEL'S" "Written Notice." With regard to those "DOCUMENTS" listed in "PLAINTIFFS' COUNSEL'S" "Written Notice," the same shall be accorded "CONFIDENTIAL" status until the issue of their actual confidentiality has been determined by the Court or otherwise resolved by the provisions of this Paragraph. Defendants shall have thirty (30) days from the date on which "PLAINTIFFS' COUNSEL" provide their "Written Notice" within which to **seek** ~~request a hearing for~~ a determination of actual confidentiality by the Court. As to any "DOCUMENT" contested in "PLAINTIFFS' COUNSEL'S" "Written Notice" and for which Defendants do not request a hearing within the allotted thirty (30) days or for which the requested relief is not granted, such "DOCUMENTS" shall be deemed outside the scope of this Confidentiality Order.

**III.   ORDERS REGARDING "CONFIDENTIAL DOCUMENTS"**

With regard to those "DOCUMENT(S)" accorded "CONFIDENTIAL" status as set forth in Paragraph II(A) - II(D) above, the foregoing Order shall be in effect:

A. "PLAINTIFFS' COUNSEL" and experts retained or consulted by "PLAINTIFFS' COUNSEL" to assist them in this litigation may use all "CONFIDENTIAL DOCUMENTS" in the ordinary course of the investigation, evaluation, preparation, and/or prosecution of this litigation, and "PLAINTIFFS' COUNSEL" may use all "CONFIDENTIAL DOCUMENTS" in the prosecution of any "OTHER INCIDENT(S)."

B. "PLAINTIFFS' COUNSEL" shall have the right to share copies of "CONFIDENTIAL DOCUMENTS" with other plaintiffs' attorneys involved in the investigation or preparation or prosecution of product-liability litigation against Defendants involving any "OTHER INCIDENT(S)," subject to the restrictions set forth in Paragraphs III(C)(l), III(C)(2), and III(C)(3), below.

Subject to the restrictions of Paragraph III(C)(1) and III(C)(2) below, this Paragraph is intended to permit full use of "CONFIDENTIAL DOCUMENTS" by and between the following: the named Plaintiff in the above-styled cause, "PLAINTIFFS' COUNSEL," members of "PLAINTIFFS' COUNSEL'S" legal or support staff (e.g., investigators, secretaries, legal assistants, paralegals, law clerks), and expert witnesses consulted or later identified as testifying experts.

C. USE AND DISSEMINATION OF "CONFIDENTIAL DOCUMENTS"

1. Recipients of "CONFIDENTIAL DOCUMENTS" are prohibited by this Order from providing copies of or disclosing in any manner whatsoever any of the documents or contents of such documents to the media or to "COMPETITOR(S)" of Defendants.

2. "PLAINTIFFS' COUNSEL" shall not make any disclosure of copies of "CONFIDENTIAL DOCUMENTS" pursuant to Paragraph III(B) of this Confidentiality Order

without first having obtained from each proposed recipient, other than an employee of "PLAINTIFFS' COUNSEL'S" firm, a signed "Non-Disclosure Agreement" in the form attached hereto as "Exhibit A." "PLAINTIFFS' COUNSEL" will maintain both a list of all persons to whom as well as the original of all "Non-Disclosure Agreements" required pursuant to this Paragraph signed by those persons. Neither the content of this list nor copies of the "Non-Disclosure Agreement(s)" shall be disclosed except with written consent of "PLAINTIFFS' COUNSEL" or upon written order of the Court.

       3.      With regard to other plaintiffs' attorneys and their associated experts handling "OTHER INCIDENT(S)," no copies of any "CONFIDENTIAL DOCUMENTS" will be provided except in accordance with the following procedure:

       a.      "PLAINTIFFS' COUNSEL" will provide electronic facsimile notice to GM and/or TK Holdings' attorneys of the name and address of the plaintiffs' attorney requesting "CONFIDENTIAL DOCUMENTS," along with a case caption of the underlying matter.

       b.      GM and/or TK Holdings will have thirty (30) calendar days in which to object to the disclosure of the specifically-identified "CONFIDENTIAL DOCUMENTS" to the plaintiffs' attorney on the basis that the underlying litigation is not of a similar nature to that as defined herein.

       c.      If no objection is made by GM and/or TK Holdings and received by "PLAINTIFFS' COUNSEL" within thirty (30) calendar days after receiving the request, "PLAINTIFFS' COUNSEL" may provide the specifically-identified "DOCUMENTS" directly to the plaintiffs' attorney subject to the terms and conditions of this Confidentiality Order and after receiving a signed copy of the "Non-Disclosure Agreement," attached hereto as "Exhibit A."

d.  If GM and/or TK Holdings object to the disclosure of specific "CONFIDENTIAL DOCUMENTS" to the plaintiffs' attorney, they will do so within thirty (30) calendar days from the receipt of notice from "PLAINTIFFS' COUNSEL." The requesting plaintiffs' attorney will then be responsible for pursuing the production of the specifically-identified "CONFIDENTIAL DOCUMENTS" in a court of competent jurisdiction for their respective case. "PLAINTIFFS' COUNSEL" will not provide copies of the "CONFIDENTIAL DOCUMENTS" to the requesting party after receiving GM and/or TK Holdings' objection.

D.  To the extent that "CONFIDENTIAL DOCUMENTS" have been or may in the future be used in the taking of depositions, they shall remain subject to the provisions of this Confidentiality Order, and this Order shall extend to include only the transcript pages of deposition testimony dealing with the substance of such "DOCUMENTS."

E.  **Documents may be filed under seal as provided in D.C.COLO.LCivR 7.2 and 7.3.** ~~"CONFIDENTIAL DOCUMENTS" that are either: (1) presented to the Court for its consideration in ruling on an issue arising in the course of this case, or (2) received as evidence in the course of the proceedings in this case, shall not be sealed from access by the public or by others unless and until the Court conducts a hearing and makes a finding of the kind and type as is required under the circumstances to justify the entrance of a sealing order concerning particular "DOCUMENTS" and as contemplated by Federal Rule of Civil Procedure 26~~.

F.  "CONFIDENTIAL DOCUMENTS" produced by GM and/or TK Holdings will be deemed true and correct copies of the "DOCUMENTS" in possession of GM and/or TK Holdings and may be used at the time of trial, subject to their admissibility, without restriction as to the method used to display them in court. All "CONFIDENTIAL DOCUMENTS" subject to this order shall be considered "authentic" as that term is used

in Federal Rule of Evidence 901 and shall be considered records of a regularly conducted activity as that term is used in Federal Rule of Evidence 803(6) unless the party producing the documents gives written notice to the opposing party within 45 days of production that it does not consider the document to be "authentic" or a "record of a regularly conducted activity."

      G.     In the event that any recipient of "CONFIDENTIAL DOCUMENTS" is served with: (1) a subpoena or other legal process in another action, (2) with a request or a demand in another action to which he or she is a party, or (3) a request or a demand or any other legal process by one not a party to this case concerning "CONFIDENTIAL DOCUMENTS" subject to this Order, that person (the recipient of "CONFIDENTIAL DOCUMENTS"**)** shall give prompt written facsimile notice of such event to Defendants and shall object on the basis of this Order to producing or responding to such a request, demand or subpoena. Within ten (10) days from the giving of such written notice, Defendants shall advise the person who is to respond to the subpoena, request, or demand of its position. Thereafter, Defendants shall assume responsibility for preserving and prosecuting any objection to the request, demand, or subpoena. The person served shall be obligated to cooperate to the extent necessary to enforce the terms of this Order.

      Nothing herein shall be construed as requiring the recipient of "CONFIDENTIAL DOCUMENTS" to challenge or appeal or to seek relief from any order requiring the production or other response concerning "CONFIDENTIAL DOCUMENTS" or to subject herself or himself to any penalties for non-compliance with any request, demand, subpoena, legal process, or order requiring the production or other response concerning "CONFIDENTIAL DOCUMENTS" other than as stated above.

      H.     Any materials designated as "CONFIDENTIAL DOCUMENTS" may be disclosed to any governmental agency that has oversight authority to study public safety

issues pertinent to the product at issue. However, at least thirty (30) days before such data is furnished to the relevant governmental agency, "PLAINTIFFS' COUNSEL" shall give notice to Defendants to allow Defendants the opportunity to ask the governmental agency to maintain the materials as "CONFIDENTIAL."

I.   Upon the termination of this case - by judgment, settlement, completion of appeal, or otherwise- all "CONFIDENTIAL DOCUMENTS" subject to this Order, including all copies and other reproductions of such "CONFIDENTIAL DOCUMENTS" in the possession of "PLAINTIFFS' COUNSEL'S" experts, shall be returned to "PLAINTIFFS' COUNSEL" within thirty (30) days. Such "CONFIDENTIAL DOCUMENTS" shall continue to be subject to the provisions of this Order and can be used by PLAINTIFFS' COUNSEL for the purposes of investigation or prosecution of product-liability litigation against GM involving allegations of negligence or product defect with respect to front seat belt systems and front door latch system in 1988 – 1996 A-car four-door sedans and station wagons.

**IV.   GENERAL PROVISIONS**

A.   After termination of this case, the provisions of this Order shall continue to be binding, except with respect to those "CONFIDENTIAL DOCUMENTS" to which the Court determines the public or others have a right of access. This Court retains and shall have jurisdiction over the parties, their attorneys, and all recipients of "CONFIDENTIAL DOCUMENTS" for enforcement of the provisions of this Order following termination of this case.

B.   This Order shall not preclude parties from exercising any rights or raising any objections otherwise available to them under the rules of discovery and evidence.

C.   PROSPECTIVE EFFECT OF TERMS OF ORDER:

1. No provision of this Order is intended to limit the right of any party, counsel for any party or any recipient of "CONFIDENTIAL DOCUMENTS" from seeking to modify the terms of this Order at any time in the future or from seeking relief of the restrictions imposed by this Order concerning particular "CONFIDENTIAL DOCUMENTS."

2. No provision of this Order is intended to restrict the scope of discovery in an action before another Court involving either GM or TK Holdings or from seeking the discovery of information contained in the "CONFIDENTIAL DOCUMENTS" subject to this Order.

D. This Order shall be binding on the parties in the above-styled cause, the attorneys for each party, any recipient of "CONFIDENTIAL DOCUMENTS" and on any successor, executor, personal representative, administrator, heir, legal representative, assign, subsidiaries, division, employee, agent, independent contractor, or other contractor, or other person or "LEGAL ENTITY" over which any party, attorney, or recipient of "CONFIDENTIAL DOCUMENTS" may have control.

DATED March 13, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NUMBER: 07-CV-02225-WDM-BNB

SANDI WATERMANN and
ROSS WATERMANN,

        Plaintiffs,

vs.

GENERAL MOTORS CORPORATION, a Delaware corporation, and
TK HOLDINGS, INC., a/k/a TAKATA SEAT BELTS, INC., a foreign corporation, f/k/a
GATEWAY INDUSTRIES, INC., a foreign corporation,

        Defendants.

**NON-DISCLOSURE AGREEMENT REGARDING DISCOVERY
MATERIALS PRODUCED BY GENERAL MOTORS CORPORATION
AND/OR TK HOLDINGS
INC.**

NAME: _____.

    I hereby acknowledge and affirm that I have read the terms and conditions of the Discovery Protective Order entered by the Court in the above-styled matter on _____. I understand the terms of the Court's Order and, under oath, I consent to be bound by the terms of the Court's Order as a condition to being provided access to the Confidential Documents furnished by General Motors Corporation and/or TK Holdings Inc. Further, by executing this Agreement, I hereby consent to the jurisdiction of the above captioned Court for the special and limited purpose of enforcing the terms of the Court's Order.

I recognize that any breach of this Agreement may be punishable as a contempt of court. All civil remedies for breach of this Agreement are specifically reserved by General Motors Corporation and/or TK Holdings Inc. are not waived by the disclosure provided for herein. Further, in the event of breach of this Agreement, I recognize that General Motors Corporation and/or TK Holdings Inc. may pursue all civil remedies available to it as a third-party beneficiary of this Agreement. I am a licensed attorney in the State of _____. My business address is _____ _____. I am attorney for record in the lawsuit or investigation entitled _____ _____, Cause No. _____, State of _____, County of _____. Among other things, the lawsuit involves allegations of negligence or product defect with respect to the front seat belt systems and front door latch system in 1988 – 1996 A-car four-door sedans and station wagons. Counsel for plaintiffs in the above-entitled lawsuit is seriously pursuing the investigation and/or prosecution of such allegations.

DATED: _____     BY: _____